## NUECES COUNTY FRESH WATER SUPPLY DIST. NO. I v. TEXAS STATE BANK & TRUST CO.

### No. 9200.

Court of Civil Appeals of Texas. San Antonio. Dec. 20, 1933.

Rehearing Denied Jan. 17, 1934.

Boone & Raymer and E. T. Simmang, Jr., all of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellee.

FLY, Chief Justice.

This is a suit on a promissory note originally for $1,148.71, on which there was a credit of $108.79, instituted by appellee, Texas State Bank & Trust Company, against appellant Nueces County Fresh Water Supply District No. 1. Appellant is a corporation created by the state of Texas for the purpose of supplying water to subscribers in the district in Nueces county. Appellant does not deny the execution and delivery of the note, but seeks to defend against it on the ground that there was no authority under the law for the creation of the debt evidenced by the note, because the debt had not been allowed by a vote of the people of the district.

The court heard the cause without the intervention of a jury and rendered judgment against appellant in the sum of $1,296.28, with interest, and payment of that sum was directed to be made out of the interest and sinking fund of said district or any other available fund belonging to such district.

The evidence shows that certain bonds had been voted by the people of the district and issued and sold, and that the note in question was given to the bank to pay into the sinking fund for payment of interest on the bonds which had become due, and the district was being pressed for payment by the holder of the bonds. There was no sinking fund held by the district out of which it could pay the sums that were due, and in order to prevent a default and protect the district from a lawsuit the supervisors of the district borrowed sufficient money from the appellee to supply the deficiency in the sinking fund and pay off a pressing debt on the bonds. This evidence was uncontradicted, and it was also uncontradicted that the money was used to pay off those pressing debts due on the bonds. The evidence clearly shows that the plea of a lack of power to give the note for replenishing the sinking fund was made for the purpose of defeating a debt which the district righteously owed the bank. The money had been obtained, the interest paid, and the credit of the district preserved through the kindness of the appellee bank, and it is repugnant to all ideas of justice and right to attempt to flout the actual generosity of the bank in its face and to plead a lack of power on the part of the district to execute a note for the money supplied by the gracious kindness of the bank to save the district from defalcation and probably from a lawsuit.

It is true, as pleaded by appellant, that no debt could be created by the district without first submitting the question to the people of the district and obtaining their approval of the same. The note was not given to create a new debt against the district; it was merely an evidence of a debt already due by the district and which the supervisors were striving to meet in order to save the credit of the district. The treasury of the district was empty because of the fact that the taxpayers had failed and refused to pay the taxes assessed against them, and there was but one way left to the supervisors to meet the demand of the bond creditors, and that was by having the money advanced to them by some one kind enough to do so. The bank advanced the money, and it was used for the same purpose that the sinking fund would have been used for had it been in the treasury, and in fact when it was advanced it became to all intents and purposes a part of the sinking fund, and was used for strictly sinking fund purposes.

The propositions of appellant will therefore be overruled, and the judgment of the trial court will be affirmed.